# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

THOMAS K. BUSH,

        **Plaintiff,**

v.

EXECUTIVE BRANCH UNITED STATES, UNITED STATES ATTORNEY GENERAL JEFF SESSIONS, PRESIDENT OF THE UNITED STATES DONALD J. TRUMP, and UNITED STATES DISTRICT COURT,

        **Defendants.**

1:17-cv-2379-WSD

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff Thomas K. Bush's ("Plaintiff") Motion for Suspension of Rules [2], Defendants Executive Branch United States, United States Attorney General Jeff Sessions, President of the United States Donald J. Trump, and United States District Court's (together, "Defendants") Motion to Dismiss [3], and Defendants' Motion to Stay Certain Pretrial Deadlines [5].

## I. BACKGROUND

On June 26, 2017, Plaintiff filed his *pro se* Petition for Mandamus Order 28 U.S.C. § 1361 [1] ("Petition"). Plaintiff seeks a writ of mandamus directing Defendants, members of the executive and judicial branches, to investigate and prosecute former members of the executive branch, including Presidents Barack Obama and Bill Clinton, Attorney General Sally Yates, FBI Director James Comey, and Secretary of State Hillary Clinton (together, "Government Officials"). On July 3, 2017, Plaintiff filed his Motion for Suspension of Rules, asking the Court to "suspend and or change the rules." ([2] at 3). Plaintiff does not clearly identify the rules he seeks to suspend or change.

On August 24, 2017, Defendants moved to dismiss Plaintiff's Petition on the grounds that "Plaintiff cannot show that he has a clear right to the relief requested or that [Defendants] have a clear duty to act." ([3] at 3). On September 18, 2017, Defendants filed their Motion to Stay Certain Pretrial Deadlines pending resolution of their Motion to Dismiss.

## II. DISCUSSION

Plaintiff asks the Court to issue a writ of mandamus directing Defendants to investigate and prosecute the Government Officials. "Under 28 U.S.C. § 1361, the district court has original jurisdiction over a *mandamus* action 'to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" Thibeaux v. U.S. Atty. Gen., 275 F. App'x 889, 892 (11th Cir. 2008) (quoting 28 U.S.C. § 1361). "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003). "A writ of mandamus is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Weaver v. Mateer & Harbert, P.A., 523 F. App'x 565, 568 (11th Cir. 2013). "[A] writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Cash, 327 F.3d at 1258.

Plaintiff has not shown he has a "clear right to the relief requested," because the Eleventh Circuit has "clearly held that a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Weaver, 523 F. App'x at 568. Plaintiff also has not shown that Defendants have a "clear duty to act," because "the Government retains broad discretion as to whom to prosecute" and thus "prosecutorial discretion may not be controlled by a *writ of mandamus.*" Wayte v. United States, 470 U.S. 598, 607 (1985); Otero v. U.S. Atty. Gen., 832 F.2d 141, 141-42 (11th Cir. 1987); see

3

Thibeaux, 275 F. App'x at 892 ("The decision to investigate and prosecute crimes is entrusted to the executive branch . . . . [A] *writ of mandamus* may not control prosecutorial discretion."). Plaintiff is not entitled to the writ of mandamus he seeks, and Defendants' Motion to Dismiss is granted. See Weaver, 523 F. App'x at 568 ("The district court did not abuse its discretion in denying Weaver's 'Motion for Referral to the United States Attorney' because we have explicitly rejected a private citizen's interest in the prosecution of others."). Because this action is dismissed, Plaintiff's Motion for Suspension of Rules and Defendants' Motion to Stay Certain Pretrial Deadlines are denied as moot.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Suspension of Rules [2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Certain Pretrial Deadlines [5] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE