# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMAS K. BUSH,<br><br>    **Plaintiff,**<br><br>v.<br><br>EXECUTIVE BRANCH UNITED STATES, UNITED STATES ATTORNEY GENERAL JEFF SESSIONS, PRESIDENT OF THE UNITED STATES DONALD J. TRUMP, and UNITED STATES DISTRICT COURT,<br><br>    **Defendants.** | 1:17-cv-2379-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Thomas K. Bush's ("Plaintiff") Motions for Relief from the Court's October 2, 2017, Order [8], [11].

## I. BACKGROUND

On June 26, 2017, Plaintiff filed his *pro se* Petition for Mandamus Order 28 U.S.C. § 1361 [1] ("Petition"). Plaintiff sought a writ of mandamus directing Defendants, members of the executive and judicial branches, to investigate and prosecute former members of the executive branch, including Presidents Barack Obama and Bill Clinton, former Attorney General Sally Yates, former

FBI Director James Comey, and former Secretary of State Hillary Clinton (together, "Government Officials").  On July 3, 2017, Plaintiff filed his Motion for Suspension of Rules, asking the Court to "suspend and or change the rules."  ([2] at 3).  Plaintiff did not clearly identify the rules he seeks to suspend or change.

On August 24, 2017, Defendants moved to dismiss Plaintiff's Petition on the grounds that "Plaintiff cannot show that he has a clear right to the relief requested or that [Defendants] have a clear duty to act."  ([3] at 3).  On September 18, 2017, Defendants filed their Motion to Stay Certain Pretrial Deadlines pending resolution of their Motion to Dismiss.

On October 2, 2017, the Court granted Defendants' Motion to Dismiss [6].

On October 10, 2017, Plaintiff filed his Motion for Relief from the Court's October 2, 2017, Order [8].  On November 7, 2017, Plaintiff filed a second Motion for Relief from the Court's October 2, 2017, Order [11].

## II. DISCUSSION

Although the district court has discretion to reconsider, revise, alter or amend a previous order, this is "an extraordinary remedy which should be used sparingly." 11 Wright & Miller, Federal Practice and Procedure§ 2810.1.  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."

Michael Linet, Inc. v. Villate of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). "The only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 1500 F.3d 1335, 1343 (11th Cir. 2007); see also In re Kellow, 197 F.3d 1116, 1119 (11th Cir. 1999).

Plaintiff's Motions for Relief from the Court's October 2, 2017, Order attempt to re-litigate the jurisdictional question that was decided by this Court in granting the Defendants' Motion to Dismiss. He presents no newly discovered evidence and fails to demonstrate a manifest error of law or fact. Plaintiff repeats his arguments from his response to the government's Motion to Dismiss as to the alleged wrongdoing of various former federal officials. Plaintiff does not set forth any new law or facts that call into question the Court's determination that Plaintiff failed to establish the prerequisites for a mandamus action. Simply stated, a motion for reconsideration should not be used as a party's opportunity to "repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 240 F. Supp. 1256, 1259 (N.D. Ga. 2003) (citations omitted); see also Government Personnel Service, Inc. v. Government Personnel Mutual Life Ins. Co., 759 F. Supp. 792, 793 (M.D. Fla. 1991), aff'd, 986 F.2d 506 (11th Cir. 1993) (district court denied plaintiff's motion for reconsideration where plaintiff sought to relitigate issues that had already been considered and dismissed by the

3

court). Plaintiff's effort here is a repackaging of his argument from before as to misconduct by the Executive Branch.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Relief from the Court's October 2, 2017, Order [8], [11] are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 12th day of June, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE